IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:02CV81-03-V
(5:99CR56-V)

MIGUEL ANGEL FERNANDEZ,     )
    )
    Petitioner,     )
    )
    v.     )     **O R D E R**
    )
UNITED STATES OF AMERICA,     )
    )
    Respondents.     )
_____)

**THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate, Set Aside, Or

Correct Sentence under 28 U.S.C. § 2255, (Document No. 1); on the Government's Answer to

Petitioner's Motion and Motion for Summary Judgment, (Document No. 6); on Petitioner's Motion

for Summary Judgment (Document No. 8); and on Petitioner's Opposition to Respondent's Motion

for Summary Judgment (Documents No. 12, 13, 14 and 15.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

A review of the record reveals that the Petitioner is one of two defendants named in a six

count Superceding Bill of Indictment[1] filed on February 11, 2000. Count One charges each

defendant with Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C.

§§ 846 and 841(a)(1). Petitioner was charged in Count Two with Possession with Intent to

Distribute Cocaine and, for purposes of this Petition, in Count Three with Possession of a Firearm

_____

[1] Petitioner was initially Indicted in a two count Bill of Indictment filed on September 14,
1999. On February 11, 2000, the government filed a six count Superceding Indictment against
Petitioner and a second defendant.

1

in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1). Petitioner was also charged in Count Four with Attempted Escape, a violation of 18 U.S.C. § 751(a), and in Count Six with Conspiracy to Commit Money Laundering, a violation of 18 U.S.C. § 1956(h).

On March 15, 2000, Petitioner appeared before the Magistrate Judge and entered a plea of guilty to Counts One, Two, Three and Four of the Superceding Indictment, pursuant to a written plea agreement. At his Plea and Rule 11 Hearing, Petitioner responded "Yes, Sir" when asked by the Magistrate Judge if he had received a copy of the indictment and discussed its contents with his attorney. (Transcript of Plea and Rule 11 Hearing at 9.) Petitioner was instructed by the Magistrate Judge that he was pleading guilty to 18 U.S.C. 924(c) in that "on or about August 19, 1999, in Iredell County, you, in furtherance of a drug trafficking crime, namely, possession with intent to distribute cocaine, did knowingly, wilfully, and unlawfully possess a firearm; namely, a 10 millimeter Glock handgun ...". (Id. at 10.) This instruction was consistent with the wording of the Superceding Indictment. Petitioner acknowledged that he understood this. (Id). The Magistrate also informed Petitioner that the Government would have to prove "during and in relation to the commission of that crime, you knowingly used or carried a firearm", and that to "carry a firearm during an in relation to a crime means to move or transport it on one's person or in a vehicle or container during and in relation to the crime. Do you understand this?" (Id. at 12-13.) Petitioner replied "Yes, Sir." (Id. at 13.) After Petitioner was informed of the penalties he was facing, the court asked him if he fully understood the charges and penalties he faced. Again, Petitioner said he did. (Id. at 15.) Petitioner's attorney, Mr. Dansby, also stated that Petitioner had told him that his other attorney, Mr. Nicholas "went over the charges in detail with him some time ago", and that Petitioner understood them. (Id.) Finally, Petitioner stated he was guilty of the counts to which he was pleading, that he

had had enough time to discuss the plea agreement with his attorney, and that he understood all parts of the plea agreement. (Id at 18, 23.) Petitioner affirmed that he was satisfied with the services of his attorney, and did not have anything further to say about his attorney's services. (Id at 25.)

On June 20, 2000, an Inquiry to Counsel Hearing was held in response to a letter submitted on Petitioner's behalf. The letter claimed that Petitioner did not understand his plea agreement and wished to withdraw it, and that he had not received adequate communication from his attorney. When questioned by the court, Petitioner's attorney responded that: "I believe my client is prepared to represent to the Court that none of the information in that letter is correct", and that Petitioner had received the benefit of complete communication and interpretation. (Transcript of Inquiry Hearing at 3.) Furthermore, Petitioner's attorney represented that Petitioner had, in effect, lied with respect to the representation contained in the letter: "He indicated that he had that letter written because he was somewhat desperate because of the conditions that he was being held in at the jail." (Id at 4.) Petitioner confirmed that he had lied with respect to the contents of the letter: "yes, that's all true. I was desperate with the conditions of where I was being held....". (Id. at 5.) The Magistrate Judge admonished Petitioner to discontinue his falsehoods: "Well let me caution you, Mr. Fernandez. Don't write or have another letter written to the Court that contains less than truthful information." (Id. at 5-6.) At no time during the hearing did the Petitioner raise any issues with respect to the 924(c) Count.

On December 13, 2000, Petitioner was sentenced to a total of 157 months in prison. At the sentencing hearing, Petitioner stipulated to the factual basis as set forth in the Presentence Report. (Transcript of Sentencing Hearing at 3.) The Court then asked the Petitioner if he was pleading guilty to the charges including "count three, possession of a firearm during and in relation to a drug

trafficking crime". (Id.) Petitioner responded, "yes". He also affirmed that: 1) he understood the nature of the charges and the possible penalties; 2) he had been adequately advised and represented by his attorneys; 3) he was making his guilty plea freely and voluntarily; and 4) he committed the enumerated offenses. (Id.) Petitioner also stated that he had had an adequate opportunity to go over the presentence report with his attorney and that they discussed it in detail. (Id. at 4.)

Petitioner filed a Notice of Appeal on December 19, 2000. In his Notice, Petitioner claimed that: 1) he was coerced with threats by his attorney to take a plea or receive a 25 year term of imprisonment; 2) his attorney advised against going to trial; 3) that he was a single person in a conspiracy; and, 4) "threw [sic] fear, defendant was forced to plead guilty, to a charge he was not guilty". An Anders brief was filed on September 14, 2001, raising three issues: 1) whether Fernandez waived his right to an appeal; 2) whether Fernandez's plea was voluntary; and 3) whether the district court erred in not granting Fernandez a three- level downward adjustment for being a minimal participant. It does not appear that Petitioner raised the firearms issue, which is the subject of the instant motion, in the Fourth Circuit.[2] On January 9, 2002, the Fourth Circuit dismissed Petition's appeal on the grounds that he had waived his appellate rights in his plea agreement.

In this instant motion, Petitioner claims his attorney was ineffective because Petitioner was misinformed as to the true nature of the 924(c) count to which he pled guilty, and that his plea was not knowing and voluntary because the court incorrectly stated the elements of the 924(c) offense. Petitioner claims that but for the misinformation from the Court and from his attorney he would not

---

[2] According to the Government's brief, on November 1, 2001, Petitioner filed a Supplemental pro se brief which was not served on the United States and which the Fourth Circuit has been unable to locate. The Fourth Circuit did not respond in its opinion to any issues that may have been raised in the supplemental brief, presumably because no new issues were raised.

have pled guilty to the firearm charge, but would have proceeded to trial.

Upon careful consideration of the foregoing documents and the controlling legal precedent, the Court concludes that the Petitioner's Motion to Vacate should be <u>dismissed</u>. That is, the Court finds that the instant record makes it clear that counsel was not deficient.

## II. <u>ANALYSIS</u>

**Unknowing and Involuntary Plea**

Petitioner argues that his plea was unknowing and involuntary because he was not properly instructed as to the true charge contained in his Indictment. Petitioner's Indictment charged him with possession of a firearm in furtherance of a drug trafficking crime. However, at Petitioner's plea hearing, the Magistrate Judge first properly read the language of the Indictment but then set forth the elements of Petitioner's § 924(c) charge in terms of use or carry of a firearm during and in relation to a (drug trafficking) crime.

The voluntariness of a guilty plea can be attacked on collateral review only if it is first challenged on direct review. <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998). Petitioner did not directly appeal his sentence and conviction on this ground. The failure to raise a claim on direct appeal may result in procedural default barring collateral review. <u>Id</u>. at 623. To obtain review of a defaulted claim a petitioner must first demonstrate either "cause and prejudice" or that he is actually innocent. <u>Id</u>. at 622.

Petitioner provides no explanation as to his failure to raise the claim regarding his alleged involuntary plea on direct appeal with respect to the gun charge and therefore provides no basis for establishing a finding of cause and prejudice. Nor does the record support a finding of actual innocence. To succeed on an actual innocence claim a petitioner must show factual innocence, not

simply a legal insufficiency of the evidence to support a conviction.  See Bousley, 523 U.S. at 623-

24.  That is, Petitioner must establish that "'in light of all the evidence,'" "it is more likely than not

that no reasonable juror would have convicted him."  Id.  Although Petitioner contends in his

affidavit that he merely possessed an unloaded firearm in the backyard of the residence thirty minutes

after the delivery of the cocaine, it is clear from the record that at the time agents entered the

residence, Petitioner was found behind the residence holding a Glock , Model 20, 10-mm handgun.

(Presentence Report at 4.)    Additionally, investigative reports indicate that the gun was in fact

loaded.  See Investigative reports, Attached to Respondent's Mot. For Summary Judgement, Ex. F.[3]

 Such facts easily support a conviction under § 924(c).  See United States v. Lomax 293 F.3d 701,

705 (4th Cir. 2002) (924(c) requires the government to present evidence indicating that the possession

of a firearm furthered, advanced, or helped forward a drug trafficking crime.  The fact finder is free

to consider the numerous ways in which a firearm might further or advance drug trafficking).

Additionally, Petitioner waived his right to collaterally attack his sentence and conviction on

collateral review with the exception of claims of ineffective assistance of counsel.  His claim of

involuntary plea based on a technically incorrect but nearly correct statement of the elements of the

offense has been waived in his plea agreement.  See United States v. Lemaster, 403 F.3d 216, 220

(4th Cir. 2005).

**Ineffective Assistance of Counsel**

---

[3] The Court notes that the presentence report, to which the Petitioner stipulated, did not
indicate that the gun was unloaded.  Moreover, Petitioner did not raise the issue of the gun being
unloaded at sentencing, and may not do so now.  If Petitioner had raised the issue of whether the
gun was loaded, the government would have had the opportunity to prove the gun was in fact
loaded.  Moreover, whether or not the gun was loaded is not dispositive.  The Court also notes
that the investigative reports indicate that ammunition for the gun was found at the scene.

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978).

Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing, Strickland, 466 U.S. at 697.

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

More critically here, a petitioner who alleges ineffective assistance of counsel following entry of a guilty plea has an ever higher burden to meet. See Hill v. Lockhart, 474 U.S. at 53057; Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988). The Fourth Circuit described the petitioner's additional burden in a post-guilty plea of

ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified. Such a defendant must show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Hooper, 845 F,2d at 475; accord Hill v. Lockhart, 474 U.S. at 59; and Fields, 956 F.2d at 1297.

63, 74-75 (1977).

In evaluating post-guilty plea claims of ineffective assistance, statements previously made under oath affirming satisfaction with counsel are deemed binding in the absence of "clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299, citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). Moreover, statements made during Rule 11 proceedings constitute strong evidence of the voluntariness of a defendant's plea. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).

Turning now to Petitioner's specific claim, the Court finds that the Petitioner has failed to demonstrate an entitlement to any relief.

Petitioner claims that his attorney did not provide him with accurate information about the true nature of the charge in Count Three of the indictment and his attorney also allowed the Court to misrepresent the true nature of the charge against him by not interrupting the Court and pointing out the Court's mistake when the Court stated the elements of the gun charge in terms of "use and carry" instead of "possession in furtherance of a drug trafficking crime".

Petitioner's counsel, Mr. Dansby, submitted an affidavit stating that he assisted Attorney Archie Nichols in the representation of Petitioner and that in his presence and through a Spanish speaking interpreter, Mr. Nichols explained the law regarding the impact of possessing a firearm to Petitioner. Mr. Nichols discussed the prospective testimony of government witnesses and the

possibility of a jury finding him guilty of the gun charge. After the discussion of the law on the gun charge, Petitioner signed the plea agreement. According to Mr. Dansby, Petitioner appeared to understand the charges and the plea he was entering.

Petitioner claims that his attorney told him that Count Three of the Indictment charged him with carrying a firearm during and in relation to the drug trafficking crime charged in Count Two and that his attorney advised him, based on the facts of this case, to accept the plea agreement with respect to the gun charge. Petitioner alleges that he was unaware that there was a substantive difference between "possessing a firearm in furtherance of a drug trafficking crime' and "use and carry a firearm during and in relation to" a drug trafficking crime.

During the plea and rule 11 hearing, Petitioner affirmed multiple times that he discussed the terms of the plea agreement and all the charges against him with his attorney and that he was satisfied with his attorney and with his services. Petitioner also specifically admitted being guilty of the charges contained in the Indictment and that he had read and understood the charges in the Indictment. Count three of the Superceding Indictment tracks the "in furtherance of" language of section 924(c) and the magistrate judge used that phraseology immediately before he used the using and carrying language as an element of the offense. It is highly unlikely Petitioner was confused about the government's actual burden. Moreover, any such confusion would have been more conducive to a decision to plead guilty than a decision to go to trial, inasmuch as the burden on the government to prove "use and carry" is greater than the burden to prove "possession in furtherance." In other words, if defendant thought it too dangerous to go to trial in a factual environment where the government had to prove defendant used and carried a gun during and in relation to a drug trafficking crime, he presumably would have thought it even more dangerous where the government

merely had to prove possession in furtherance of such a crime.

In addition to his statements during the Rule 11 colloquy, Petitioner reaffirmed his assent to the plea agreement nine months later during his sentencing hearing. This Court asked Petitioner: "do you make you plea freely and voluntarily? Petitioner responded, "yes." The Court then asked: "[a]nd did you commit those offenses? To which Petitioner responded: "yes." The Court then confirmed that Petitioner had a copy of the presentece report and questioned whether Petitioner had an opportunity to review the presentence report with his attorney and whether he discussed it in detail with his attorney. Petitioner acknowledged that he did have a copy of the presentence report and that he reviewed it with his attorney in detail. The presentence report used the correct phraseology in describing the charge in Count three of the Superceding Indictment.

Even if this Court were to assume that Petitioner is correct in his claim that his attorney did not correctly explain the elements of the 924(c) charge to him and if this Court were to assume that the affidavit submitted by Mr. Dansby was completely false, Petitioner cannot establish prejudice. Similarly, the fact that his attorney did not interrupt the magistrate judge during the plea and rule 11 hearing is regrettable, but does not rise to the level of ineffective assistance of counsel. Both the plea agreement and the presentence report indicate that Petitioner should receive a mandatory 5 year term of imprisonment for the gun charge. This Court sentenced Petitioner to a 5 year term of imprisonment for Count Three. Petitioner claims that his attorney told him that the Indictment charged him with carrying a firearm in relation to a drug trafficking crime. However, Petitioner admits that he received, read and understood a copy if the Indictment which charged him with possession of a firearm in furtherance of a drug trafficking crime. Further, he told this Court that he received, read and understood a copy of the presentence report, which lists the charge in Count

Three of the Indictment as "possession of a firearm during and in relation to a drug trafficking crime." Additionally, Petitioner stipulated to the facts in the presentence report for purposes of establishing the factual basis for his plea. The facts supporting Count Three were that Petitioner was standing behind the residence holding a Glock, Model 20, 10-mm handgun when agents entered the home to which UPS had just delivered boxes which Petitioner believed contained cocaine. Additionally, a search of the residence revealed an additional handgun, a FGR 9-mm semi-automatic pistol. Petitioner stipulated to these facts.

In the face of Petitioner's testimony during his Rule 11 colloquy and sentencing hearing regarding his having read and reviewed the Indictment, plea agreement and presentence report, taken together with his false letter written in June 2000, to the magistrate judge regarding his plea, the allegations in his § 2255 motion that his attorney did not explain the true nature of the gun charge in the Indictment appear patently frivolous or false. See United States v. Lemaster, 403 F.3d 216 (4th Cir. 2005)( in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established and a district court should dismiss any § 2255 motion that relies upon allegations that contradict sworn statements). As the Court has stated above, even if the Court were to assume counsel's performance was ineffective for failing to correct the magistrate when he errantly strayed into use of the alternative phrasing of the correct 924(c) charge, and if this Court assumed that counsel did not explain the true nature of the gun charge to Petitioner, Petitioner has not established prejudice on the facts of this case.

Petitioner must take responsibility for his decision to sign the plea agreement. It was his choice to accept or reject the plea. He made the decision to accept and his words at the Rule 11 hearing were clear and unequivocal. The Court is satisfied that the Petitioner's counsel was not

ineffective and that even if the Court were to assume Petitioner's counsel was ineffective, Petitioner has failed to establish prejudice. The record in this matter reflects that the Petitioner has failed to state a claim for relief in connection with his allegations of ineffective assistance of counsel. Accordingly, the Petitioner's Motion to Vacate must be <u>dismissed</u>.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate (Document No. 1) is **DISMISSED.**

**Signed: August 24, 2005**

Richard L. Voorhees
United States District Judge